Justice Ginsburg,
concurring.
I join the Court’s opinion and would underscore two points. First, I do not read today’s decision as articulating a mechanical, per se rule. Cf. post, at 389 (Breyer, J., concurring). The inquiry described by the Court, ante, at 383-385 and this page, is situation specific. Among relevant considerations: Were the lives and well-being of others (motorists, pedestrians, police officers) at risk? Was there a safer way, given the time, place, and circumstances, to stop the fleeing vehicle? “[AJdmirable” as “[an] attempt to craft an easy-to-apply legal test in the Fourth Amendment context [may be],” the Court explains, “in the end we must still slosh our way through the factbound morass of‘reasonableness.’” Ante, at 383.
Second, were this case suitable for resolution on qualified immunity grounds, without reaching the constitutional question, Justice Breyer’s discussion would be engaging. See post, at 387-389 (urging the Court to overrule Saucier v. Katz, 533 U. S. 194 (2001)). In joining the Court’s opinion, *387 however, Justice Breyer apparently shares the view that, in the appeal before us, the constitutional question warrants an answer. The video footage of the car chase, he agrees, demonstrates that the officer’s conduct did not transgress Fourth Amendment limitations. See post this page. Confronting Saucier, therefore, is properly reserved for another day and case. See ante, at 377, n. 4.